## COLUMBIA COUNTY BANK *v.* EMERSON.

### Opinion delivered December 11, 1911.

1. PATENT—PROOF OF ASSIGNMENT.—The introduction of what purports to be a copy of an assignment of a patent right, without proof of its execution, is incompetent to prove that such an assignment was made. (Page 334.)

2. SAME—POSSESSION.—The rule that a vendee of possession of personal property, while he remains in possession of it and has not been evicted by paramount title, can not defend against an action for the purchase

money on the ground that the vendor had no title, has no application to a sale of a patent or an interest therein, as a vendee can not have possession of a patent. (Page 334.)

Appeal from Howard Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Powell & Taylor* and *C. W. McKay,* for appellants.

The vendee of personal property, while he remains in possession and has not been evicted by paramount title, can not defend against an action for the purchase money on the ground that the vendor had no title.   4 Ark. 467; 21 Ark. 71; 25 Ark. 174; 19 Ark. 460; 35 Cyc. 541; 50 Fed. 778.

A patent right is personal property, subject, in so far as its incorporeal nature permits, to the general laws relative to such property, and is surrounded by the same rights and sanctions which attend all other property.   30 Cyc. 819.

*Stevens & Stevens,* for appellee.

1.   There is only one way by which one may obtain a patent or an interest therein, and that is by an assignment in writing executed by the owner.   Rev. Stat. U. S. § 4898.

"Patent rights and the title thereto are intangible, and can be transferred only by an instrument in writing executed by the owner."   40 C. C. A. 576.   The burden was on appellants to prove that the title was in Karner and not in Baker.   93 U. S. 486; 6 C. C. A. 46.   The copies of the assignments introduced by appellants were not competent evidence.   5 C. C. A. 497; 79 C. C. A. 499.   All instruments must be properly authenticated before they are admissible as evidence.   13 Ark. 63; 31 Ark. 1; 98 S. W. 371.

2.   Generally, personal property may be sold by verbal or written contract, but as to patent rights and the title thereto they can be transferred only by an instrument in writing.

HART, J.   The Columbia County Bank brought suit against J. W. & S. M. Emerson to recover on two promissory notes.   The defense was made that the notes were given for patent rights or patent right territory, and were not executed in conformity with the statutes, and were therefore void.   The decision of the lower court was in favor of the defendants, and its judgment was affirmed on appeal.   The case is reported in 86 Ark. 155.

The Columbia County Bank and J. C. Karner then instituted this suit against J. W. & S. M. Emerson to recover the amount alleged to be due on the contract of sale. The defendant denied the allegations of the complaint, and denied that J. C. Karner had any title to the patented article at the time he alleges he sold it to the defendants, or that he has since acquired any title thereto.

J. C. Karner testified: "On April 27, 1904, I sold to J. W. and S. M. Emerson the right to sell Karner Sash Locks, a patented instrument, in the county of Nevada, Arkansas, and equal privileges with other agents of selling said locks in the counties of Columbia, Lafayette and Union in the State of Arkansas and Claibourne Parish, La., and also certain royalty checks. The royalty checks were to be used in payment of the locks at the factory where they were manufactured. Soon after I made the contract I sold the debt to the Columbia County Bank for near the full value of the same. When I say that I sold the Emersons a certain number of royalty checks, I mean that I had a separate contract with the Nickel Manufacturing Company to manufacture the locks, and to pay me a royalty of 35 cents each on all locks ordered from it; and it agreed to accept this royalty when delivered by me into the hands of any of my agents as part payment on locks ordered from it."

Plaintiffs then introduced in evidence a certified copy of letters patent of Will S. James, assignor to Howard A. Baker, for improvement in sash fasteners. Plaintiff then introduced a purported copy of the assignment of said patent by Howard A. Baker to the James Lock Company, a partnership composed of J. C. Karner and Will S. James. Karner testified that the original had been lost, and that it purported to have been acknowledged before a notary public. The copy introduced showed that instrument was signed in the presence of two witnesses, and it did not contain any certificate of acknowledgment. Karner admits that he was not present when the original was executed.

The two Emersons testified in their own behalf, and said that they contracted to purchase the right conferred by the patent in the county of Nevada, and the right to sell the patented article in the other named counties was given them, and was not considered as a part of their purchase. They say that

they found locks of the same kind had been sold in Nevada County, and they then refused to pay their second note given for the territory included in Nevada County. That they gave two notes for the rights of the patentee in Nevada County, and had already paid one of the notes before they found out that other parties had been selling a precisely similar lock in that county.

The court directed a verdict for the defendants, and the plaintiffs have appealed.

The record shows that at the time Karner made the contract with the defendants the title to the patent was in Howard A. Baker, and not in himself. The purported copy of an assignment of the patent from Howard A. Baker to the James Lock Company was not competent evidence to prove that the assignment was made. Karner admits that he was not present when the instrument was executed. It appears that the instrument was subscribed by two witnesses, and no evidence was introduced tending to show that they were dead, or incompetent to testify. The plaintiffs should have produced the subscribing witnesses or have taken their depositions to prove the execution of the instrument. The effect of Karner's testimony was that he had a copy of what purported to be an assignment of a patent by Howard A. Baker to the James Lock Company, but that does not prove that Baker executed such an instrument. Some evidence must have been introduced to show that Howard A. Baker executed the instrument. Walker on Patents, § 495.

It is contended, however, by counsel for the plaintiff that the vendee of personal property, while he remains in possession of it and has not been evicted by paramount title, can not defend against an action for the purchase money on the ground that the vendor had no title. The statement of the rule gives the reason for it. That is to say, a vendee, having undisturbed possession, can not defend against the payment of the purchase price, and at the same time retain the property and enjoy the benefits of the sale. In the case of a sale of a patent or an interest therein, the reason for the rule ceases for the reason that a patent is intangible and incorporeal in its nature, and the vendee can not have the patent in his possession. Hence

it is a plain case for the application of the maxim, the reason of the law ceasing, the law itself ceases.

It follows that the judgment will be affirmed.

Mr. Justice KIRBY dissents.